**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0817n.06
Filed: November 21, 2007

No. 07-5022

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

JOHN FRANKLIN BROCK,

     Petitioner-Appellant,

v.

UNITED STATES DEPARTMENT OF
JUSTICE, *ET AL.*,

     Respondents-Appellees.

_____/

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:     MERRITT and CLAY, Circuit Judges; COX,[*] District Judge.

     **COX, District Judge**. In this case, Petitioner John Franklin Brock ("Petitioner" or "Brock")

appeals the district court's order summarily dismissing his habeas corpus petition filed under 28

U.S.C. § 2241. In his habeas petition, Brock challenges a policy of the Bureau of Prisons ("BOP")

refusing to individually assess the suitability of federal inmates for placement in a community

corrections center ("CCC")[1] and requests that the Court issue a writ directing the BOP to

immediately make an individualized determination as to his eligibility for placement in a CCC.

---

[*]The Honorable Sean F. Cox, United States District Court Judge for the Eastern District of
Michigan, sitting by designation.

[1]CCCs are also known as "halfway houses." *Dismas Charities, Inc. v. United States
Department of Justice*, 401 F.3d 666, 669 n.1 (6th Cir. 2005).

1

During the pendency of this appeal, however, Brock was placed in a CCC and was then released from custody on September 21, 2007. The Panel therefore concludes that this appeal must be DISMISSED AS MOOT because no actual injury remains which the Court could redress with a favorable decision.

## BACKGROUND

Brock was convicted of money laundering and fraud in the United States District Court for the Southern District of Ohio and began serving his 24-month sentence on December 28, 2005. (Apx. at 025 & 043).

In an effort to be prepared to seek employment upon his release from prison, Brock petitioned the BOP to consider him for transfer to a CCC in which he could enroll in continuing education classes in his chosen field. Brock requested to be placed in a CCC on or before September 23, 2006. (Apx. at 020). The BOP rejected Brock's request, stating that the earliest date he could be placed in a CCC would be July 23, 2007. (Apx. at 025 & 032). That determination was based upon the BOP's regulations, 28 C.F.R. §§ 570.20 & 570.21. (*See e.g.*, Apx. 032)("In accordance with 28 C.F.R. §570.21, the Bureau of Prisons will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months. Records indicate you were approved for CCC placement to commence on July 23, 2007. Accordingly, your appeal is denied.").

After apparently exhausting his administrative remedies, Brock filed a *pro se* habeas corpus petition pursuant to 28 U.S.C. § 2241 in the United States District Court for the Eastern District of Kentucky on December 1, 2006. Brock was confined at the USP-Big Sandy at the time the petition was filed. Brock's habeas petition challenges the BOP's refusal, under 28 C.F.R. §570.21, to

2

individually assess the suitability of federal inmates for placement in a CCC and requests that the Court issue a writ directing the BOP to make an individualized determination as to Brock's eligibility for placement in a CCC. (Apx. at 008 ). Brock also filed a "Motion for Temporary Restraining Order and Preliminary Injunction" with the district court along with his petition, in which he requested that the district court order that an immediate determination be made with respect to Brock's petition.

In a December 14, 2006 Memorandum Opinion and Order, issued prior to service of the petition on the Department of Justice, the district court summarily denied Brock's § 2241 petition. (Apx. at 042).

On December 20, 2006, Brock filed a timely Notice of Appeal, appealing the district court's December 14, 2006 Opinion and Order.

The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the BOP's official website (www.bop.gov). Notably, the Inmate Locator Service indicates that Brock was placed in a CCC on or about July 23, 2007. The Inmate Locator Service also indicates that Brock was actually released from custody on September 21, 2007. Both parties acknowledged these facts at oral argument.

### ANALYSIS

Although neither party raised the issue of mootness, questions of jurisdiction are fundamental matters which the Court of Appeals may review *sua sponte. Berger v. Cuyahoga County Bar Assoc.*, 983 F.2d 718, 721 (6th Cir. 1993). Thus, the Court may address the issue of mootness on its own motion. *Id*.

Under Article III of the United States Constitution, federal courts may adjudicate only actual,

ongoing cases or controversies. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Id*. To sustain jurisdiction in the present case, it is not enough that a dispute was alive when Brock's habeas corpus petition was filed in the district court. Brock must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. *Id*.

Mootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief. *Berger*, 983, F.2d 718.

Here, the only relief that Brock sought in his habeas corpus petition was immediate consideration by the BOP of placement in a CCC. After filing his petition, however, Brock was subsequently placed in a CCC. Moreover, Brock was actually released on September 21, 2007.

Because Brock has already been placed in a CCC, and was then released from custody, no actual injury remains which the Court could redress with a favorable decision in this appeal. *See e.g., Elwood v. Sanders*, 152 Fed.Appx. 558 (8th Cir. 2005); *Chhibba v. Federal Bureau of Prisons*, 154 Fed.Appx. 279 (3rd Cir. 2005); *but cf., Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006).[2]

---

[2]The petitioner in *Levine* also filed a § 2241 petition challenging the BOP regulations restricting placement in CCCs while he was in prison but, like Brock, was released from prison before the appeal was adjudicated. The Second Circuit ruled that the appeal was not moot because it concluded that if the petitioner prevailed on appeal and the matter was remanded to the district court, the district could possibly modify the length of his supervised release. This Panel declines to follow the reasoning in *Levine* with respect to the issue of mootness.

# CONCLUSION

For the foregoing reasons, we conclude that this appeal must be DISMISSED AS MOOT.[3]

---

[3]The Panel also considered whether this case falls within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." That exception applies only where: 1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration; and 2) there is a reasonable expectation that the *same complaining party* will be subject to the same action again. *Rosales-Garcia v. Holland*, 322 F.3d 386, 396 (6th Cir. 2003)(emphasis added). As both parties acknowledged at oral argument, the doctrine does not apply here because, although *other prisoners* will undoubtedly face this same issue in the future, there is no indication that *Brock* will be subject to the same action again.