RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206
File Name: 09a0089p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT
_____

LOUIS W. DEMIS,

        *Petitioner-Appellant,*

    *v.*

T. R. SNIEZEK, Warden; HARLEY G. LAPPIN,

        *Respondents-Appellees.*

No. 07-4129

Appeal from the United States District Court
for the Northern District of Ohio at Youngstown.
No. 07-00301—John R. Adams, District Judge.

Argued: December 3, 2008

Decided and Filed: March 9, 2009

Before: BOGGS, Chief Judge; CLAY, Circuit Judge; BERTELSMAN, District Judge.[*]

_____

## COUNSEL

**ARGUED:** D. Timothy Huey, LAW OFFICE, Upper Arlington, Ohio, for Appellant. Laura McMullen Ford, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellees. **ON BRIEF:** Christopher J. Minnillo, LAW OFFICE, Columbus, Ohio, for Appellant. Laura McMullen Ford, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

_____

## OPINION

_____

    CLAY, Circuit Judge. Petitioner-Appellant, Louis W. Demis ("Demis"), a federal prisoner at the time he filed the instant action, applied to the district court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of the

_____

[*]The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

Bureau of Prisons' ("BOP") regulations prohibiting prisoner transfer to a community correctional center ("CCC")—now known as residential re-entry centers ("RRC")—until the prisoner has served at least ninety percent of his or her sentence. Specifically, Demis argued that the BOP's regulations, codified at 28 C.F.R. §§ 570.20 and 570.21, are inconsistent with the requisite individualized consideration of the factors regarding prisoner transfer set forth in 18 U.S.C. § 3621(b). Adopting the reasoning of other circuits that previously considered the same issue and invalidated the regulations, a magistrate judge recommended that Demis' petition be granted. The district court, however, determined that Demis' petition was moot because Demis already had been transferred to a CCC while his habeas application was pending.

On September 4, 2007, Demis filed a timely appeal from the district court's dismissal order. Shortly thereafter, on September 28, 2007, Demis' sentence ended and he was released from custody. The government thus urges the Court to dismiss Demis' appeal as moot, arguing that Demis' release from custody ended the capacity of this Court to grant meaningful relief.

For the reasons set forth below, we hereby **DISMISS** Demis' appeal as moot.

**I.**

On June 24, 2005, pursuant to a plea agreement with the government, Demis pleaded guilty to conspiracy to commit mail fraud, wire fraud, and bank fraud, as well as two counts of bank fraud, in violation of 18 U.S.C. §§ 371, 1341, 1343, and 1344. Demis was sentenced to twenty-four months imprisonment and three years of supervised release for his two bank fraud convictions, and to twenty-four months imprisonment and five years of supervised release for his conspiracy to commit bank fraud convictions, with these sentences to run concurrently.

On February 2, 2007, Demis filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the Northern District of Ohio. Demis' petition challenged the BOP's refusal to transfer or consider transferring him from the Federal Correctional Institution at Elkton, Ohio ("FCI Elkton"), to a CCC. The

BOP refused to consider Demis' request for transfer based on its regulations permitting consideration of such requests only after a prisoner has served at least ninety percent of his or her sentence.  28 C.F.R. § 570.21.[1]  Demis asserted that § 570.21, defined by regulation as the BOP's "categorical exercise of discretion for designating inmates to community confinement," 28 C.F.R. § 570.20, is inconsistent with the requisite individualized consideration of the factors set forth by Congress in 18 U.S.C. § 3621(b).  Prior to filing his habeas petition, Demis made administrative requests for relief, which were denied.

Demis' petition named as respondents T.R. Sniezek, warden of FCI Elkton, Harley G. Lappin, Director of the Federal Bureau of Prisons, and an unnamed United States Attorney.  Respondents moved to dismiss the petition pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  The district court referred the case to a magistrate judge.  On June 7, 2007, the magistrate judge issued a report recommending that the district court dismiss Director Lappin and the unnamed United States Attorney from the case, but deny the motion in all other respects.  The magistrate judge concluded that BOP regulations 28 C.F.R. §§ 570.20 and 570.21 "contradict or ignore the will of Congress" as expressed in 18 U.S.C. §§ 3621 and 3624.  That conclusion is consistent with the holdings of other circuits that have addressed precisely the issue raised in Demis' petition, each holding that the BOP's "categorical exercise of discretion" in 28 C.F.R. § 570.21(a) is inconsistent with the individualized determination required under 18 U.S.C. § 3621(b).  *See Wedelstedt v. Wiley*, 477 F.3d 1160 (10th Cir. 2007); *Levine v. Apker*, 455 F.3d 71 (2d Cir. 2006); *Fults v. Sanders*, 442 F.3d 1088, 1092 (8th Cir. 2006); *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3rd Cir. 2005).

Before the district court could act on the magistrate judge's recommendation, however, the BOP transferred Demis to a CCC.  Therefore, on August 9, 2007, the district court issued an order "dismiss[ing] Petitioner's action without prejudice" on the

---

[1]Prior to amendment, 28 C.F.R. § 570.21(a) provided that the BOP "will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."  For a fuller discussion of the historical development of the BOP's ninety-percent rule see *Goldings v. Winn*, 383 F.3d 17, 19-21 (1st Cir. 2004), and *Elwood v. Jeter*, 386 F.3d 842, 844-45 (8th Cir. 2004).

grounds that the matter was moot.  The next day, August 10, 2007, the district court issued another order "dismiss[ing] Plaintiff's complaint in its entirety without prejudice."

Demis filed a timely notice of appeal on September 4, 2007.  On September 28, 2007, however, Demis was released from custody.

On October 24, 2007, the government filed a motion with this Court requesting that Demis' appeal be dismissed as moot.  Construing the motion to dismiss the appeal as moot as a motion to affirm the district court's order, a motions panel of this Court denied the government's motion on the basis that motions to affirm are specifically prohibited under Rule 27(e)(3) of the Rules of the Sixth Circuit.   The appeal thus proceeded to briefing and argument.

## II.

The Constitution's case or controversy requirement confines the jurisdiction of the courts to "real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character . . . ." *North Carolina v. Rice*, 404 U.S. 244, 246 (1971) (citation omitted).  Accordingly, this Court lacks jurisdiction to consider any case or issue that has "lost its character as a present, live controversy" and thereby becomes moot.  *Hall v. Beals*, 396 U.S. 45, 48 (1969).  Because the exercise of judicial power under Article III of the Constitution depends on the existence of a live case or controversy, mootness is a jurisdictional question.  *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990).   This Court reviews jurisdictional issues *de novo*.  *United States v. Gabrion*, 517 F.3d 839, 844 (6th Cir. 2008).

"'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'"  *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720-21 (6th Cir. 1983) (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . .  The parties must continue to have a 'personal stake in the outcome' of the lawsuit."  *Lewis*, 494 U.S. at 477-78.  If "events

occur during the pendency of a litigation which render the court unable to grant the requested relief," the case becomes moot and thus falls outside our jurisdiction. *Abela v. Martin*, 309 F.3d 338, 343 (6th Cir.2002) (internal citations and quotation marks omitted).

More specifically, a prisoner's "challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once a prisoner's sentence has expired, however, "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Id.*

Thus, to sustain jurisdiction in the present case, "it is not enough that a dispute was alive when [Demis'] habeas corpus petition was filed in the district court. [Demis] must continue to have an actual injury that is capable of being redressed by a favorable judicial decision." *Brock v. United Stated Dept. of Justice*, 256 F. App'x 748, 750 (6th Cir. 2007).

**III.**

After Demis' requests for transfer to a CCC were denied, Demis sought habeas relief under 28 U.S.C. § 2241, challenging the BOP's regulations prohibiting consideration of his transfer request. At the time Demis filed his application for a writ of habeas corpus, the district court plainly had jurisdiction to consider Demis' claim because Demis was incarcerated at FCI Elkton, and thus he satisfied the "in custody" provision of 28 U.S.C. § 2241(c).

While his petition for relief was pending before the district court, however, Demis was transferred to a CCC. The district court thus issued an order dismissing Demis' habeas application as moot. In addition, after Demis filed his notice of appeal, he was released from custody. The government thus challenges whether this Court has

jurisdiction to hear Demis' appeal, contending that the case is moot both because Demis already was transferred to a CCC, as the district court concluded, and because Demis now has "served his imprisonment sentence completely and was released from custody on September 28, 2007." Resp. Br. at 7.

In support of that claim, the government directs the Court to the BOP's Inmate Locator Service. A search of the BOP's Inmate Locator Service indicates that Demis was "RELEASED" from custody on September 28, 2007.[2]

Under precisely these circumstances—where an inmate has challenged the same BOP regulations but was transferred to a CCC and then eventually released from custody during pendency of the appeal—at least two other panels of this Court have dismissed the appeal as moot. *See Brock*, 256 F. App'x at 750 ("Because Brock has already been placed in a CCC, and was then released from custody, no actual injury remains which the Court could redress with a favorable decision in this appeal."); *Marshek v. Eichenlaub*, 266 F. App'x 392, 393 (6th Cir. 2008) (per curiam) ("This appeal has clearly been rendered moot by Marshek's placement in a CCC. We must, and do, dismiss his appeal."). Other circuits that have confronted this issue also have concluded that the action is moot. *See Elwood v. Sanders*, 152 F. App'x 558 (8th Cir. 2005); *Chhibba v. Federal Bureau of Prisons*, 154 F. App'x 279 (3d Cir. 2005).

We find that the reasoning of these decisions is sound. Because Demis already was transferred to a CCC and now has been released from custody, no actual injury remains that the Court could redress with a favorable decision in this appeal. We therefore must dismiss Demis' appeal as moot. *See NAACP v. City of Parma*, 263 F.3d 513, 530 (6th Cir. 2001) (federal courts have "no authority to render a decision upon moot questions or to declare rules of law that cannot affect the matter at issue"); *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) ("Mootness results when events occur

---

[2]"The BOP maintains an Inmate Locator Service, accessible through the BOP's official Internet website, which enables the public to track the location of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service." *Harvey v. Eichenlaub*, No. 06-CV-15375, 2007 WL 2782249, at *1 (E.D. Mich. Sept. 24, 2007).

during the pendency of a litigation which render the court unable to grant the requested relief.").

Contrary to the assertion of Demis' counsel at argument, Demis' habeas application sought only injunctive and declarative relief from the BOP's transfer regulations.  J.A. at 36.  Other than costs and attorney's fees, Demis did not seek damages or other relief from any alleged injuries that would persist after his release.  *Id.* However, Demis' request for attorney's fees, contrary to counsel's suggestion at argument,  is not enough to save his petition from being dismissed as moot because the courts have no authority to award Demis costs and fees as the "prevailing party" when the underlying action has been dismissed as moot.  *See Lewis*, 494 U.S. at 480.

Our conclusion that Demis' claims are moot finds further support in recent amendments to the challenged BOP regulations.  After the parties submitted their briefs to this Court, the Second Chance Act, Pub. L. No. 110-199, 122 Stat. 657 (Apr. 9, 2008), amended 18 U.S.C. § 3624(c) to "authorize[] the BOP to consider placing an inmate in an RRC for up to the final 12 months of his or her sentence, rather than the final six months that were available pre-amendment." *Montes v. Sanders*, No. CV 07-7284, 2008 WL 2844494, at *1 (C.D. Cal. July 22, 2008).  In accordance with the Act, on April 14, 2008, the BOP issued an interim policy memorandum stating that the "'categorical timeframe limitations on prerelease community confinement' found in 28 C.F.R. §§ 570.20 and 570.21 . . . 'are no longer applicable and must no longer be followed.'" *Id.* (citation omitted).  On October 21, 2008, the BOP issued an interim rule "revis[ing] current regulations on pre-release community confinement in [28 C.F.R. § 570(b)] to conform with the requirement of the Second Chance Act."  73 Fed. Reg. 62440, 62441 (Oct. 21, 2008).  In addition, the interim rule specifies that the decision to place an inmate in pre-release community confinement will be "determined on an individual basis" and according to the factors listed in 18 U.S.C. § 3621(b).  *Id.*

Although a prisoner with more than 12 months remaining on his or her sentence may not benefit from these developments, Demis already was within the final 12 months of his sentence when he requested transfer to a CCC.  Under the policy now in place,

Demis thus would have been eligible for transfer at the time of his initial request. The passage of the Second Chance Act, when considered together with the BOP's implementation of the Act as reflected in its policy memorandum and interim rule, thus provides additional support for our conclusion that Demis' petition is moot.

### Altering the Terms of Demis' Supervised Release

Although the cases most directly on point in this circuit have held that an appeal is moot under the circumstances presented here, we recognize that there is a line of cases from other circuits reaching a contrary conclusion. *See, e.g.*, *Levine*, 455 F.3d at 76-77; *Mujahid v. Daniels*, 413 F.3d 991, 993-95 (9th Cir. 2005). For the reasons set forth below, however, we decline to follow *Levine* and *Mujahid*.

In *Levine*, the Second Circuit declined to dismiss as moot an appeal challenging the same regulations at issue here despite the petitioner's release during pendency of his appeal. In that court's view, the petitioner remained "in custody" during the term of his supervised release. 455 F.3d at 77. The *Levine* court also reasoned that the case was not moot because, if the petitioner prevailed, the district court "might, because of our ruling[,] modify the length of Levine's supervised release." *Id.* Similarly, in *Mujahid*, the Ninth Circuit rejected the government's argument that a challenge to a BOP regulation not at issue here was moot due to the petitioner's release from prison, likewise reasoning that the petitioner remained "in custody" during his supervised release and that it remained possible that the district court would reduce the terms of the petitioner's supervised release on remand. 413 F.3d at 993-95.

Relying on *Levine* and *Mujahid*, Demis suggests that his appeal is not moot because he remains "in custody" during his supervised release and because the district court could alter the terms or length of his supervised release. As we have done previously, *see Brock*, 256 F. App'x at 750 n.2, we find the reasoning of *Levine* and *Mujahid* to be too tenuous. Even if we were to accept the notion that Demis remains "in custody" during the term of his supervised release, the district court would not be able to grant effectual relief on remand. The "effectual relief" identified by the Second and Ninth Circuits seems hardly an appropriate remedy for the harms Demis claims to have

suffered. While shortening the term of supervised release may well be appropriate for a petitioner who challenges the *length* of his sentence, *e.g.*, *United States v. Verdin*, 243 F.3d 1174 (9th Cir. 2001), such relief does not address the particular injuries Demis complains of here. Indeed, now that he is no longer incarcerated or in a CCC, shortening the period of his supervised release will not restore Demis' alleged foregone "opportunities to transition into the community." Pet'r Br. at 10.

In general, federal courts have wide latitude in structuring the terms of habeas relief. *See Hilton v. Braunskill*, 481 U.S. 770, 775 (1987) ("a court has broad discretion in conditioning a judgment granting habeas relief "). Here, however, Demis' habeas petition challenged only the validity of the BOP's CCC placement regulations, and thus did not seek relief from the terms or length of his supervised release. Consequently, it is unclear on what grounds the district court could *sua sponte* determine that such relief was appropriate or how that would redress Demis' alleged injury of not being transferred to a CCC at an earlier date.

## Collateral Consequences

Demis also argues that, because the BOP refused to place him in a CCC at an earlier date, he "has been denied the stated benefits of supervised release." Pet'r Br. at 9. Specifically, Demis argues that the BOP's refusal to consider his transfer request deprived him the ability to earn income for his family as a real estate agent. On this ground, Demis claims that his appeal is not moot because the BOP's refusal to place him in a CCC at an earlier date has denied him the attendant benefits of supervised release, which he claims amount to additional "collateral consequences that attach to his conviction." Pet'r Br. at 10.

This argument is without merit. In *Carafas v. LaVallee*, 391 U.S. 234 (1968), the Supreme Court held that a petitioner's habeas challenge is not necessarily mooted by the petitioner's release from incarceration so long as the petitioner can demonstrate "collateral consequences" that follow from his conviction and remain ongoing. *Id.* at 237-38 (declining to dismiss case as moot because, "in consequence of his conviction, [petitioner] cannot engage in certain businesses; he cannot serve as an official of a labor

union for a specified period of time; he cannot vote in any election held in New York State; he cannot serve as a juror"). *See also Sibron v. New York*, 392 U.S. 40, 55-58 (1968); *Abela v. Martin*, 380 F.3d 915, 921 (6th Cir. 2004). However, although a habeas action is not *necessarily* mooted by the expiration of a petitioner's sentence, "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7. In considering whether such collateral consequences support continued jurisdiction, *Spencer* made clear that "'it is the burden of the party who seeks the exercise of jurisdiction in his favor clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute.'" *Id.* at 11 (internal quotation marks omitted) (quoting *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990)).

In meeting that burden, because Demis does not challenge the validity of his conviction, he cannot point merely to "generalized and hypothetical of consequences" that attend any criminal conviction to defeat mootness. *Id.* at 10. Instead, Demis must articulate concrete injuries or deprivations that are consequences *of the challenged BOP regulations*, and that remain live controversies for which the courts could provide meaningful relief. *Id.* at 12-13.

Demis has failed to carry his burden inasmuch as he has not articulated any concrete injuries that resulted from his delayed placement in a CCC. Although Demis points to some vague economic deprivations, his habeas application did not seek any monetary damages for such alleged injuries. Demis also fails to explain how his § 2241 habeas petition encompasses such economic losses, as habeas relief is available only for constitutional violations. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.").

Because Demis can point to no "collateral consequences" that are the result of his delayed placement in a CCC, and certainly none that persist after the expiration of his sentence or which this Court could remedy in the habeas context, Demis' reliance on the "collateral consequences" exception to mootness is unavailing. *See Gentry v. Deuth*,

456 F.3d 687, 694 (6th Cir. 2006) ("Post-release habeas petitions challenging the conditions of confinement are almost necessarily moot, for courts normally cannot offer any habeas redress in such circumstances.").

## Capable of Repetition, Yet Avoiding Review

Demis also contends that his case is not moot because it falls within the exception to the mootness doctrine for cases that are "capable of repetition, yet evading review." That exception, however, applies only where: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). *See also Davis v. Fed. Election Comm'n*, ___ U.S. ___, 128 S. Ct. 2759, 2769 (2008); *Rosales-Garcia v. Holland*, 322 F.3d 386, 396 (6th Cir. 2003). The second prong of the capable-of-repetition exception requires a "reasonable expectation" or a "demonstrated probability" that "the same controversy will recur involving the same complaining party." *Murphy v. Hunt*, 455 U.S. 478, 482 (1982) (per curiam) (quoting *Weinstein*, 423 U.S. at 149). "[A]lthough *other prisoners* will undoubtedly face this same issue in the future," there is no reasonable expectation, and certainly no demonstrated probability, that Demis will be subject to the same action again. *Brock*, 256 F. App'x at 751 n.3 (emphasis in original). Consequently, this exception does not apply here.

## IV.

Because Demis already has been released from custody, this Court can no longer offer any meaningful relief. Therefore, we hereby **DISMISS** Demis' appeal as moot.