Raviv LAOR, Appellant

v.

The FEDERAL BUREAU OF PRISONS; Harley Lappin, Director of the Bureau of Prisons; Warden Jeff Grondolsky, of FCI Ft. Dix, NJ; S. Wagner, Camp Administrator; Shiela Brosier, Unit Manager for the FCI Ft. Dix Camp; Ms. Nevins, Halfway House Coordinator FCI Ft. Dix; K. Byrd, Case Manager, FCI Ft. Dix. in their official capacities.

No. 09–2247.

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Aug. 6, 2009.

Opinion filed: Aug. 19, 2009.

Raviv Laor, Bronx, NY, pro se.

John Andrew Ruymann, Esq., Office of United States Attorney, Trenton, NJ, for The Federal Bureau of Prisons, Harley G. Lappin, J. Grondolsky, S. Wagner, Shiela Brosier, Nevins, Karlton Byrd.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges.

## OPINION

PER CURIAM.

Raviv Laor appeals from an order of the United States District Court for the District of New Jersey, which dismissed as moot his petition for a writ of habeas corpus. Because the appeal presents no substantial question, we will summarily affirm the District Court's judgment.

## I.

Laor filed a habeas petition in the District Court in April 2008, challenging policies of the Federal Bureau of Prisons regarding pre-release custody, and seeking placement in pre-release custody. The respondents filed an answer in November 2008, and several months later informed the Court that Laor had been released to halfway house placement on March 24, 2009. Laor indicated his opposition to dismissal, but the District Court dismissed the petition as moot in an order entered on April 9, 2009. Laor filed a timely appeal and has submitted argument in support of

his appeal and in opposition to summary affirmance.

## II.

A federal court may decide a case only if it presents an Article III case or controversy. *See Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). A prisoner's challenge to the validity of his conviction or sentence satisfies the case-or-controversy requirement, because the incarceration is a concrete injury that may be redressed by invalidation of the conviction or sentence. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir.2009) (citing *Spencer*, 523 U.S. at 7, 118 S.Ct. 978). Once a prisoner's sentence has expired, however, he must demonstrate some concrete and continuing injury in order to maintain the suit. *Id.*

Laor argues that the District Court should have considered his petition on the merits instead of dismissing it as moot. He appears to argue that the District Court should have followed *Levine v. Apker*, 455 F.3d 71 (2d Cir.2006), which found that a habeas petitioner's release into a community corrections center did not render moot his challenge to the timing of the release, as the sentencing court could, pursuant to 18 U.S.C. § 3583(e), modify the length of the petitioner's term of supervised release as a result of a favorable ruling on the habeas petition.[1] Laor recognizes that this Court has rejected the reasoning of *Levine* in *Burkey v. Marberry*, 556 F.3d 142, 149 (3d Cir.2009), as we found that the likelihood that the sentencing court would grant relief affecting the term of a petitioner's supervised release was too speculative to constitute a "continuing injury." Laor has not demonstrated any concrete and continuing injury or collateral consequence that remains now

that he has been placed in halfway house confinement. We thus find that the District Court properly dismissed Laor's habeas petition as moot.

For the foregoing reasons, we will summarily affirm the District Court's judgment.

---

1. Laor notes that he was sentenced by a court within the jurisdiction of the United States Court of Appeals for the Second Circuit.