**Donovan A. MONCRIEFFE, Appellant**

v.

**John YOST, Warden; U.S. Department of Justice; Federal Bureau of Prisons.**

**No. 09–4418.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) and

Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Feb. 16, 2010.

Opinion filed: March 4, 2010.

---

Donovan A. Moncrieffe, Loretto, PA, pro se.

U.S. Atty Johnstown, Office of United States Attorney, Johnstown, PA, for Defendant–Appellee.

Before: BARRY, FISHER and GREENBERG, Circuit Judges.

## OPINION

PER CURIAM.

Donovan A. Moncrieffe appeals *pro se* from the order of the District Court summarily denying a petition for a writ of habeas corpus that he filed under 28 U.S.C. § 2241. We will vacate and remand. *See* 3d Cir. LAR 27.4 (2008); 3d Cir. I.O.P. 10.6.

### I.

Moncrieffe is serving a sentence of 33 months of imprisonment in a federal facility in Pennsylvania. He alleges that he has a projected release date of September 12, 2010. Under the Second Chance Act of 2007, the Bureau of Prisons ("BOP") "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months) under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1).

This provision makes Moncrieffe eligible to spend some portion of the final twelve months of his sentence in a community correctional facility ("CCC"), commonly known as a halfway house. *See id.* In calculating the appropriate length and place of pre-release custody, the BOP is required to determine placement "on an individual basis" and "in a manner consistent with [18 U.S.C. § 3621(b)]," which sets forth five factors that the BOP must consider in determining a prisoner's place of imprisonment. 18 U.S.C. § 3624(c)(6)(A) & (B); 28 C.F.R. § 570.22.

Moncrieffe filed his § 2241 habeas petition in October 2009.[1] He alleges that his

1. Moncrieffe filed two documents: a motion for an emergency hearing on his claim, and a motion setting forth its substance. Moncrieffe previously filed a virtually identical § 2241 petition, which the District Court dismissed because it revealed on its face that Moncrieffe had failed to exhaust his administrative remedies. Moncrieffe filed a notice of appeal (C.A. No. 09–2930), but later withdrew it and filed the § 2241 petition at issue here. The Magistrate Judge in this case concluded that Moncrieffe "apparently" has now exhausted his administrative remedies, but we express no opinion on that issue.

Unit Team and Warden approved him to serve only the last 90 to 120 days of his sentence in a CCC, but that, for a variety of reasons, he requires a longer period in order to successfully reintegrate into the community before his release. In addition to arguing that the BOP incorrectly decided the duration of his pre-release custody, he asserts that the BOP imposed an "ordinary and customary" 90 to 120 day period without affording him an individualized determination or considering the factors set forth in 18 U.S.C. § 3621(b). (Mot. for Relief ¶¶ 4, 10.)

A Magistrate Judge issued a Report and Recommendation recommending that the District Court summarily deny Moncrieffe's petition on the merits without requiring a response. In particular, the Magistrate Judge concluded that Moncrieffe "offers nothing that would indicate the [BOP] abused its discretion in its decision," and instead challenges merely the results of its decision on the basis of his "contrary evaluation of factors." (R & R at 2.) Moncrieffe timely objected on the grounds, *inter alia*, that he had indeed challenged the BOP's decision making process. (Petr.'s Objections ¶¶ 3, 4(a), (d), (f)–(g).) Nevertheless, by order entered November 5, 2009, the District Court adopted the Report and Recommendation and summarily denied Moncrieffe's petition. Moncrieffe appeals.[2]

## II.

The District Court's summary denial of Moncrieffe's petition is inconsistent with our decision in *Woodall.* We held there that a federal prisoner's challenge to the BOP's decision regarding placement in a CCC is a challenge to the execution of a sentence cognizable under § 2241. *See Woodall,* 432 F.3d at 243–44. In that case, we invalidated a BOP regulation that restricted prisoners' eligibility for placement in a CCC to the final ten percent of their sentences without regard to their individualized circumstances. *See id.* We did so because the regulation ran afoul of the Congressional requirement that the BOP consider the five factors set forth in § 3261(b) before making individual decisions regarding placement in a CCC. *See id.* at 245–46. As we explained, "[w]hile the BOP may exercise considerable discretion, it must do so using the factors that Congress has specifically enumerated." *Id.* at 247.[3]

In this case, despite the District Court's conclusion to the contrary, Moncrieffe asserts that the BOP has failed to abide by the Congressional mandate we recognized in Woodall because it imposed an "ordinary and customary" period of 90 to 120 days of CCC placement without providing him with an individualized determination of the statutory factors. Thus, his petition states potential grounds for relief under

2. Moncrieffe's challenge to the CCC determination lies under § 2241, *see Woodall v. Fed. Bureau of Prisons,* 432 F.3d 235, 243–44 (3d Cir.2005), so he does not require a certificate of appealability in order to appeal, *see Burkey v. Marberry,* 556 F.3d 142, 146 (3d Cir.2009). We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a), and we review the District Court's ruling *de novo. See Vega v. United States,* 493 F.3d 310, 314 (3d Cir. 2007). Summary dismissal of a habeas petition is appropriate "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief[.]" Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (applicable in § 2241 cases by virtue of Rule 1(b)).

3. After *Woodall,* § 3624(c) was amended to require expressly that the BOP make determinations of pre-release custody of the kind that Moncrieffe seeks in accordance with § 3621(b) and "on an individualized basis." *See Demis v. Sniezek,* 558 F.3d 508, 513–14 (6th Cir.2009) (noting post-amendment promulgation of BOP regulations).

§ 2241 and the District Court should not summarily have denied it. Instead, the District Court should have required the respondents to file a response and conducted further proceedings. *See, e.g., Fournier v. Zickefoose,* 620 F.Supp.2d 313, 318 (D.Conn.2009) (considering response to similar claim).

We express no opinion on the merits of Moncrieffe's claim, but we note the limited nature of his remedy if the District Court ultimately determines that he is entitled to relief. Moncrieffe seeks an order directing the BOP to transfer him to a CCC, but that relief is not available. "That the BOP may assign a prisoner to a CCC does not mean that it must." *Woodall,* 432 F.3d at 251. Instead, if Moncrieffe were to prevail, he would be entitled only to "an order requiring the BOP to consider—in good faith—whether or not [he] should be transferred to a CCC" on an individualized basis in light of the statutory factors. *Id.*

One final issue requires discussion. Moncrieffe asserts that he became eligible for placement in a CCC in September 2009 and that he is scheduled for transfer to such placement beginning on May 12, 2010, at the earliest. Thus, because the CCC placement period he seeks "already would have started," the District Court should proceed with expedition on remand. *Id.* (requiring the BOP to "immediately" reconsider CCC placement under this circumstance).

Accordingly, we will vacate and remand for further proceedings. Moncrieffe's motion to expedite this appeal is denied as moot.