BLD-294                                                  NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2981
_____

DONOVAN A. MONCRIEFFE,
                                            Appellant

v.

JOHN YOST, Warden;
U.S. DEPARTMENT OF JUSTICE;
FEDERAL BUREAU OF PRISONS

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 09-cv-00276)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 23, 2010

Before: RENDELL, CHAGARES and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2010)
_____

OPINION
_____

PER CURIAM.

        Donovan A. Moncrieffe filed a pro se habeas corpus petition under 28 U.S.C.

§ 2241 in the District Court for the Western District of Pennsylvania seeking to challenge

a recommendation by his Unit Team at FPC-Loretto that he serve only the final 90-120 days of his 33-month federal sentence in a half-way house or Residential Reentry Center ("RRC"). Moncrieffe argued that he needed a longer period at an RRC to prepare for reentry into the community. He thus challenged the length of his pre-release custody and argued that the Bureau of Prisons ("BOP") erred in failing to afford an individualized determination to support its decision.

The District Court summarily denied the § 2241 petition on the merits, and Moncrieffe appealed. This Court vacated the judgment and remanded for further proceedings. See C.A. No. 09-4418. We observed that Moncrieffe stated a potential ground for habeas relief inasmuch as he claimed that the BOP erred by imposing an "ordinary and customary" period of RRC placement without providing an individualized assessment of the statutory factors that govern the determination.

The District Court ordered service of the habeas petition upon remand, and respondents moved to dismiss for mootness. They noted that Moncrieffe was transferred to an RRC in Maryland on May 13, 2010, and they argued that his petition had become moot because the relief sought "is no longer needed or has now been granted." Docket #19 at 2. A Magistrate Judge recommended dismissing the petition as moot. He observed that, absent a change in the status quo, Moncrieffe would remain at the RRC until expiration of his sentence, and his transfer mooted the relief sought. Further, Moncrieffe did not allege any collateral consequences stemming from his RRC

2

placement. The District Court adopted the Magistrate Judge's Report and dismissed the habeas petition as moot. Moncrieffe timely filed this appeal.

We have appellate jurisdiction under 28 U.S.C. § 1291. "The standard of review over the District Court's mootness determination is plenary." Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). The parties were advised that this Court might take summary action, which is appropriate "if it clearly appears that no substantial question is presented or that ... a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6.

"Article III [of the Constitution] extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). "Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." North Carolina v. Rice, 404 U.S. 244, 246 (1971).

We are satisfied that this case is moot not only because Moncrieffe was transferred to an RRC while this matter was pending before the District Court, but also because he was released from BOP custody on September 10, 2010, after filing this appeal. Moncrieffe's habeas petition seeks to compel the BOP to re-determine the length of his RRC placement. This is a request for relief that can no longer be afforded. See Demis v.

3

Sniezek, 558 F.3d 508, 513 (6th Cir. 2009) ("Because Demis already was transferred to [an RRC] and now has been released from custody, no actual injury remains that the Court could redress with a favorable decision in this appeal. We therefore must dismiss Demis' appeal as moot."). In addition, as the Magistrate Judge observed, Moncrieffe has not shown "collateral consequences" sufficient to maintain this action. See Demis, 558 F.3d at 516 ("Because Demis can point to no 'collateral consequences' that are the result of his delayed placement in [an RRC], and certainly none that persist after the expiration of his sentence or which this Court could remedy in the habeas context, Demis' reliance on the 'collateral consequences' exception to mootness is unavailing."). Notably, Moncrieffe has not claimed collateral consequences based on delayed commencement of any term of supervised release that he may be serving, nor would such a claim be sufficient in light of his release from custody. See Burkey, 556 F.3d at 148.

For the foregoing reasons, we will dismiss the appeal as moot.[1]

---

[1] In light of this disposition, appellees' motions to summarily affirm and to stay issuance of a briefing schedule are denied.

4