CLD-044                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3505
_____

RICHARD STEVEN OLIVARES,
                                        Appellant

v.

D. ZICKEFOOSE, WARDEN
_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-06442)
District Judge: Honorable Noel L. Hillman

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 18, 2020

Before:  RENDELL, FUENTES and SMITH, Circuit Judges

(Opinion filed: December 7, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        In December 2009, Richard Steven Olivares, an inmate serving a federal sentence

at FCI-Fort Dix in New Jersey, filed this habeas corpus proceeding under 28 U.S.C. §

2241 to challenge his Unit Team's recommendation that he spend the final 150-180 days

of his incarceration at a Residential Re-entry Center ("RRC"). According to Olivares, the Bureau of Prisons ("BOP") erred in various ways by failing to recommend him for the maximum twelve-month RRC placement. As relief, Olivares asked the District Court to order his placement in an RRC "no later than January 16, 2010."[1] Respondent filed an answer arguing that relief should be denied because the BOP did not abuse its discretion in reaching its individualized determination regarding Olivares's RRC placement.

While the habeas petition was pending, Olivares was transferred to an RRC in Florida on July 21, 2010. Respondent filed notice of the transfer and argued that the habeas petition should be dismissed as moot. The District Court agreed that there was no longer a live case or controversy, and it dismissed for mootness. Olivares appeals.

We have appellate jurisdiction under 28 U.S.C. § 1291. Our review is plenary over a mootness determination. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We discern no error in the dismissal for mootness.

"Article III [of the Constitution] extends the Judicial Power of the United States only to 'cases' and 'controversies.'" Unalachtigo Band of Nanticoke Lenni Lenape Nation v. Corzine, 606 F.3d 126, 129 (3d Cir. 2010). "Article III requires that a plaintiff's claim be live not just when he first brings the suit but throughout the entire litigation, and once the controversy ceases to exist the court must dismiss the case for lack of jurisdiction." Lusardi v. Xerox Corp., 975 F.2d 964, 974 (3d Cir. 1992). Olivares

---

[1] Olivares has a projected release date of January 16, 2011.

2

"must demonstrate that he has suffered or is threatened with an actual injury … that can be redressed by a favorable decision here." Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002).

Olivares sought habeas relief to overturn the BOP's pre-release custody determination and to compel an earlier RRC placement than that recommended by his Unit Team. We agree with the District Court that Olivares's transfer to an RRC rendered his habeas petition moot. See Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009). Even if the District Court were to render a decision in Olivares's favor regarding RRC placement, it could provide no redress for any injury that Olivares may have suffered from the BOP's action. Further, Olivares has not asserted any "collateral consequences" to overcome the mootness of his petition. Cf. id. at 516 ("Because Demis can point to no 'collateral consequences' that are the result of his delayed placement in [an RRC], and certainly none … which this Court could remedy in the habeas context, Demis' reliance on the 'collateral consequences' exception to mootness is unavailing.").

In sum, because this appeal presents "no substantial question," 3d Cir. I.O.P. 10.6, we will summarily affirm the District Court's judgment.[2]

---

[2] Appellee's pending motion for summary affirmance is denied as unnecessary.