**AMENDED GLD-112**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1050
_____

SHANE CHRISTOPHER BUCZEK,
Appellant

v.

CHARLES MAIORANA; PAMELA BUTLER, CCM, Pittsburgh;
CRAIG SWINEFORD, Caseworker
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3:12-cv-00191)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 31, 2013

Before: FUENTES, FISHER and ROTH, Circuit Judges

(Opinion filed: May 15, 2013)
_____

OPINION
_____

PER CURIAM

Shane Christopher Buczek, proceeding pro se, appeals from an order of the United

States District Court for the Western District of Pennsylvania dismissing as moot his

habeas corpus petition pursuant to 28 U.S.C. § 2241.  There being no substantial question

presented on appeal, we will grant the Government's motion for summary action and affirm the decision of the District Court. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we write primarily for the parties, we need only recite the facts necessary for our discussion. In September 2012, while incarcerated at FCI Loretto in Loretto, Pennsylvania, Buczek filed a § 2241 petition alleging that the date of his placement at a residential re-entry center ("RRC") was inconsistent with the Second Chance Act of 2007. In November 2012, Appellees suggested that Buczek's petition was moot because he had been placed in an RRC in Buffalo, New York on November 6, 2012. A Magistrate Judge recommended that Buczek's § 2241 petition be dismissed as moot, and on December 12, 2012, the District Court adopted the recommendation and dismissed Buczek's petition as moot. Buczek then timely filed this appeal.[1]

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).[2] "The standard of review over the District Court's mootness determination is plenary." Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We may summarily affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Article III of the Constitution provides that federal courts may only adjudicate "actual, ongoing cases or controversies." Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990). This requirement continues throughout all states of federal judicial proceedings.

---

[1] Buczek was released from the custody of the Bureau of Prisons shortly before filing his notice of appeal.

[2] A certificate of appealability is not required to appeal the denial of a § 2241 petition. Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

See Burkey v. Marberry, 556 F.3d 142, 147 (3d Cir. 2009). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemma, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

We agree with the District Court that Buczek's transfer to an RRC rendered his habeas petition moot. See Demis v. Sniezek, 558 F.3d 508, 513 (6th Cir. 2009). Even if the District Court were to render a decision in Buczek's favor regarding RRC placement, it could provide no redress for any injury that Buczek may have suffered from the Bureau of Prisons' action. Furthermore, the District Court correctly noted that Buczek has not asserted any "collateral consequences" to overcome the finding of mootness. See id. at 516 ("Because [petitioner] can point to no 'collateral consequences' that are the result of his delayed placement in [an RRC], and certainly none that persist after the expiration of his sentence or which this Court to remedy in the habeas context, [petitioner's] reliance on the 'collateral consequences' exception to mootness is unavailing."). Notably, Buczek has not claimed any collateral consequences based on delayed commencement of any term of supervised release that he may be serving, and such a claim would be insufficient in light of his recent release from custody. See Burkey, 556 F.3d at 148.

For the foregoing reasons, we grant the Government's motion for summary action and will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6. We deny as moot the Government's motion to stay the briefing schedule and deny Buczek's motion to take mandatory judicial notice.

3