NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0899n.06

No. 12-2008

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Oct 18, 2013
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LABEED NOURI, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| GREG MCQUIGGIN, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |
| | ) | |

BEFORE: SUTTON and KETHLEDGE, Circuit Judges; DOW, District Judge.[*]

PER CURIAM. Labeed Nouri appeals the district court's judgment dismissing his petition for a writ of habeas corpus, filed under 28 U.S.C. § 2254.

A jury found Nouri guilty of first-degree criminal sexual conduct and two counts of fourth-degree criminal sexual conduct. Prior to sentencing, the trial court granted Nouri's motion for a new trial, concluding that his counsel had rendered ineffective assistance. The Michigan Court of Appeals reversed the trial court's decision to grant a new trial and remanded for reinstatement of Nouri's convictions. *People v. Nouri*, No. 290178, 2009 WL 3199532 (Mich. Ct. App. Oct. 6, 2009). The Michigan Supreme Court denied leave to appeal. *People v. Nouri*, 778 N.W.2d 68

---

[*]The Honorable Robert M. Dow, Jr., United States District Judge for the Northern District of Illinois, sitting by designation.

(Mich. 2010). On remand, the trial court sentenced Nouri to an effective prison term of ten to twenty years.

Nouri filed an application for leave to appeal in state court, and he filed a federal habeas petition asserting that he had been improperly denied bond during his state-court proceedings. While those matters were pending, Nouri entered into a plea agreement with the prosecution. Under the terms of the agreement, Nouri would plead no contest to aggravated assault and receive a two-year probation sentence, his three convictions for criminal sexual conduct would be vacated and dismissed, and his application for leave to appeal and habeas petition would be dismissed as moot. The trial court accepted the agreement and entered a judgment in accordance with its terms. The application for leave to appeal and the habeas petition were dismissed as moot.

Nouri filed a second federal habeas petition, asserting that, during his trial on the criminal sexual conduct charges, his counsel rendered ineffective assistance by denying him the right to testify, failing to object to certain questions and testimony, failing to call a witness, and failing to properly impeach a witness. After the respondent filed a motion to dismiss the petition, Nouri filed a supplemental brief, arguing that the district court should vacate his plea agreement because newly discovered evidence demonstrated that he was actually innocent. The district court dismissed the habeas petition, concluding that Nouri's ineffective-assistance claims became moot when his criminal sexual conduct convictions were vacated and dismissed. The court declined to consider the issue raised in the supplemental brief because Nouri failed to properly present it in his habeas petition. This court granted Nouri a certificate of appealability for his claims that the district court

erred by dismissing his habeas petition as moot and by declining to address the issue raised in his supplemental brief.

On appeal, Nouri argues that the district court erred by concluding that his second habeas petition was moot because he was suffering collateral consequences resulting from his criminal sexual conduct convictions. Nouri also argues that the district court erred by refusing to consider the issue raised in his supplemental brief.

We review de novo the district court's denial of a § 2254 petition. *Sheppard v. Bagley*, 657 F.3d 338, 342 (6th Cir. 2011). The district court properly dismissed Nouri's second habeas petition as moot because it challenged only his criminal sexual conduct convictions, which had been vacated and dismissed. *See Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009). Further, despite Nouri's argument to the contrary, his probation sentence and the limitations placed on his medical practice did not satisfy the "collateral consequences" exception to mootness because they resulted from his no contest plea, not his criminal sexual conduct convictions. *See id.* at 515-16. Finally, the district court properly declined to address Nouri's challenge to his no contest plea because he failed to either raise the issue in his habeas petition, *see Montgomery v. Bobby*, 654 F.3d 668, 685 (6th Cir. 2011), or seek leave to amend the petition to include the claim, *see Mayle v. Felix*, 545 U.S. 644, 655 (2005).

Accordingly, we affirm the district court's judgment.