NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0168n.06

No. 24-4007

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Mar 27, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| MICHAEL AVANT, | ) | |
| Defendant-Appellant. | ) | OPINION |
| | ) | |

Before: MOORE, GIBBONS, and MURPHY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** On November 5, 2024, a district court determined that Michael Avant had violated the terms of his three-year term of supervised release, revoked Avant's supervised release, and sentenced Avant to one hundred days of incarceration, with no term of supervised release to follow. Avant appealed the one-hundred-day sentence on the grounds that the sentence was both procedurally and substantively unreasonable. Then, on February 12, 2025, Avant was released from prison.

Because the sentence that Avant challenges as unreasonable has concluded, and because he has failed to demonstrate any continuing injury resulting from the challenged sentence, we **DISMISS** this appeal as moot.

## I.  FACTUAL BACKGROUND

### A.  Supervised Release Violation and Revocation

Michael Avant was sentenced to 168 months of imprisonment, to be followed by a three-year term of supervised release, after pleading guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a).  R. 2–3 (Ill. Judgment at 2–3) (Page ID #41–42).[1]  Avant was released from prison in January 2022, at which point he commenced his supervised release term under the supervision of the Northern District of Ohio.  R. 2 (Transfer of Juris. at 1) (Page ID #31).  Avant's supervised release was scheduled to conclude on January 12, 2025.  *Id.*

On October 24, 2024, the United States Probation Office filed a violation report indicating that Avant had violated the terms of his supervised release.  R. 22 (Viol. Report at 2–5) (Page ID #140–43).  Specifically, the Probation Office reported that Avant had refused to sign a form authorizing a probation officer to conduct a credit check to ensure that Avant had not incurred new debt or credit without the authorization of the district court or probation officer.  *Id.* at 3 (Page ID #141).

The district court held a hearing to determine whether to revoke Avant's supervised release based upon the alleged violation.  R. 32 (Viol. Hr'g Tr. at 1) (Page ID #166).  Avant admitted his refusal to sign the credit authorization form, explaining that his refusal was motivated by his concern that the credit check would affect his ability to obtain a mortgage loan with his wife after the conclusion of the supervised release term.  *Id.* at 3, 7–9 (Page ID #168, 172–74).  The district

---

[1]Avant committed that bank robbery—which occurred in July 2007 in Normal, Illinois—while serving a five-year term of supervised release following a 210-month sentence of imprisonment for an armed bank robbery that he had committed many years earlier—in 1991—in Portland, Oregon.  R. 1–4 (Or. Judgment at 2–3) (Page ID #20–21); R. 3 (2008 PSR at ¶¶ 5, 39, 41) (Page ID #48, 56–57, 58).

court, after explaining that Avant's only two options were to comply with the terms of his supervised release or have his supervised release revoked, asked Avant whether he would consent to signing the authorization form. *Id.* at 5, 10 (Page ID #170, 175). Avant declined to do so. *Id.* at 10 (Page ID #175). The district court thereupon found Avant in violation of the terms of his supervised release. *Id.* After hearing arguments from both parties as to the appropriate sentence, the district court sentenced Avant to a below-Guidelines term of one hundred days of imprisonment, with no term of supervised release to follow. *Id.* at 14 (Page ID #179); R. 27 (Revocation Order at 2) (Page ID #156).

## B.  Proceedings on Appeal

Avant timely appealed the district court's order revoking his supervised release, arguing that the one-hundred-day sentence was both procedurally and substantively unreasonable. R. 28 (Notice of Appeal at 1) (Page ID #157); Appellant Br. at 6. Soon after his appeal was docketed in this court, Avant moved for release pending appeal. D. 9. A panel of this court denied the motion, concluding that the appeal failed to raise a substantial question of law or fact. *United States v. Michael Avant*, No. 24-4007 (6th Cir. Jan. 17, 2025) (order).

Meanwhile, Avant's appeal was expedited for briefing and submission, with briefing completed on January 21, 2025. D. 5, 6. Then, on February 12, 2025, Avant was released from prison. *See* D. 19 at 1; D. 20 at 2. As a result of Avant's release, we requested supplemental briefing by both parties addressing whether Avant's release from prison rendered this appeal moot.

## II. DISCUSSION

On appeal, Avant challenges both the procedural and substantive reasonableness of his one-hundred-day sentence. But we are foreclosed from reaching the merits of Avant's appeal because his release from prison has rendered this case moot.

"The Constitution's case or controversy requirement confines the jurisdiction of the courts to 'real and substantial controvers[ies] admitting of specific relief through a decree of a conclusive character.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). "Accordingly, this Court lacks jurisdiction to consider any case or issue that has 'lost its character as a present, live controversy' and thereby becomes moot." *Id.* (quoting *Hall v. Beals*, 396 U.S. 45, 48 (1969)). In other words, "[w]e have no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)).

"Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). "The mootness inquiry must be made at every stage of a case." *McPherson*, 119 F.3d at 458. This is because, at each stage of the litigation, "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Demis*, 558 F.3d at 512 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–78 (1990)). Thus, even where neither party raises the issue of mootness, "if an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Church of*

*Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)).

Here, Avant seeks relief from his allegedly unreasonable one-hundred-day sentence of incarceration. But he was released from prison upon completing that sentence on February 12, 2025. Even if we were to determine that Avant's claims were meritorious, we lack the power to grant Avant any relief from a sentence that he has already completed. Thus, because "no actual injury remains that the Court could redress with a favorable decision in this appeal," we must dismiss Avant's appeal as moot. *Demis*, 558 F.3d at 513; *see also United States v. Lewis*, 166 F. App'x 193, 195 (6th Cir. 2006) (holding that a defendant's challenge to his custodial sentence was moot because he was released from custody several months before the court could decide his appeal and could "grant no meaningful relief"); *United States v. Thomas*, 43 F. App'x 728, 730 (6th Cir. 2002) (same).

No exception to the mootness doctrine applies to revive Avant's appeal. Although "some 'collateral consequence' of the conviction" demonstrating a "concrete and continuing injury other than the now-ended incarceration or parole" may allow a suit to continue after a prisoner's sentence has expired, Avant's sentence involved no further period of supervised release, and he has not argued that he suffers from any other continuing collateral consequence. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that, "[o]nce [a defendant's] sentence has expired . . . some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained"). And while we have "long recognized an exception to the mootness doctrine for cases that are 'capable of repetition, yet evading review,'" we have no reason to believe that there is a reasonable expectation that Avant

5

would "be subject to the same action again." *Rosales-Garcia v. Holland*, 322 F.3d 386, 396 (6th Cir. 2003) (en banc) (quoting *Spencer*, 523 U.S. at 17).

Avant nevertheless urges us to allow this appeal to proceed and decide the case on its merits because the relatively short length of Avant's sentence all but precluded appellate review of the reasonableness of his sentence. But "mootness is a jurisdictional question." *Demis*, 558 F.3d at 512. And without jurisdiction, we do not have the power to adjudicate this dispute. *Hanrahan v. Mohr*, 905 F.3d 947, 960 (6th Cir. 2018).

## III. CONCLUSION

Michael Avant was released from prison before his challenge to his sentence reached us. We therefore **DISMISS** his appeal as moot.