

Opinions of the United
States Court of Appeals
for the Third Circuit

10-19-2005

# Chhibba v. Federal Bureau

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4728

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Chhibba v. Federal Bureau" (2005). *2005 Decisions*. Paper 379.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/379

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4728
_____

ASHOK CHHIBBA

v.

FEDERAL BUREAU OF PRISONS; HARLEY G. LAPPIN,
in his official capacity as director of the Federal Bureau of Prisons;
WARDEN JOHN NASH, in his official capacity as
Warden of Federal Correctional Institution

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04874)
District Judge:  Honorable Freda L. Wolfson

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
October 14, 2005
Before: ALITO, SMITH AND COWEN, CIRCUIT JUDGES

(Filed    October 19, 2005)
_____

OPINION
_____

PER CURIAM

Ashok Chhibba appeals from the District Court's order summarily dismissing his

habeas corpus petition filed under 28 U.S.C. § 2241.  In his habeas petition, Chhibba

challenges the determination of the Bureau of Prisons (BOP) that he is eligible for pre-

release placement at a Community Corrections Center (CCC) for only the last ten percent of his term of imprisonment. For the following reasons, we will dismiss the appeal as moot.

When he filed his habeas petition, Chhibba was incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, serving a sentence of 24 months imposed by the United States District Court for the Eastern District of New York. On February 11, 2004, the BOP notified Chhibba that his projected release date is October 14, 2005. The BOP also informed Chhibba that he is eligible for pre-release placement at a CCC beginning August 13, 2005. According to Chhibba, the BOP based its calculation on its interpretation that 18 U.S.C. § 3624(c) authorizes pre-release to a CCC for the lesser of the last ten percent of the time to be served or six months.

In October 2004, Chhibba challenged the BOP's decision by filing a § 2241 habeas corpus petition in the District Court. Without ordering service of the petition or receiving a response from the BOP, the District Court rejected Chhibba's position and summarily dismissed his habeas petition. Chhibba appeals. While his appeal has been pending, Chhibba has been placed in a CCC in New York. He is still scheduled for complete release from custody on October 14, 2005.

Before we can exercise jurisdiction, we must determine whether the appeal presents an Article III case or controversy. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). Even if a case or controversy existed throughout the District Court proceedings, we must

2

decide that one currently exists. See Okereke v. United States, 307 F.3d 117, 121 (3d Cir. 2002). The relevant question is whether Chhibba "has suffered or is threatened with an actual injury traceable to the District Court's decision that can be redressed by a favorable decision here." Id. If not, we must dismiss the appeal as moot. Id.

Here, Chhibba sought relief in the form of placement at a CCC for the last six months of his sentence. As noted previously, he is now in custody at a CCC. Even if we were to render a decision in favor of Chhibba, we can provide no redress for any injury he may have suffered. In short, Chhibba's appeal has been rendered moot by his placement in a CCC, and we must dismiss it. All pending motions are denied as moot.