**File Name: 08a0081n.06**
**Filed: January 25, 2008**

**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**

**No. 07-1246**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| TYSON EUGENE MARSHEK, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| C. EICHENLAUB, WARDEN | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Respondent-Appellee. | ) | |

Before: DAUGHTREY and COOK, Circuit Judges; and VINSON, District Judge.[*]

**PER CURIAM.** The petitioner, Tyson Eugene Marshek, appeals the district court's denial of his petition for habeas corpus filed under 28 U.S.C. § 2241. By his petition, and in this appeal, Marshek challenges regulations promulgated by the Bureau of Prisons ("BOP") which categorically preclude a federal prisoner from being placed in, or transferred to, a Community Corrections Center ("CCC"), more commonly known as a halfway house, except during the lesser of six months or the last ten percent of his sentence. Marshek requests that we reverse the district court and instruct BOP to "immediately review" and reconsider his application for a transfer to a CCC. However, according to BOP's Inmate Locator --- which may be accessed through its official website (www.bop.gov), and

---

[*]The Honorable C. Roger Vinson, Senior United States District Judge for the Northern District of Florida, sitting by designation.

of which we take judicial notice --- Marshek was transferred to a CCC during the pendency of this appeal.

In *Brock v. United States Department of Justice*, 2007 WL 4163854 (6th Cir. Nov. 21, 2007), another panel of this Court confronted the same situation now facing us. The petitioner there filed a habeas petition challenging the BOP regulations governing CCC placement. The *Brock* panel looked to the BOP Inmate Locator and discovered that the petitioner was transferred to a CCC (and later released from custody) while the appeal was pending. The court held, *sua sponte*, that the case was moot because it was unable to grant the relief being requested and no injury remained that could be redressed with a favorable decision. *Id.* at *2 (citing *Elwood v. Sanders*, 152 Fed. Appx. 558 (8th Cir. 2005); *Chhibba v. Federal Bureau of Prisons*, 154 Fed. Appx. 279 (3d Cir. 2005)). We agree with this analysis and result. This appeal has clearly been rendered moot by Marshek's placement in a CCC. We must, and do, dismiss his appeal. All pending motions are also denied as moot.