T.C. Memo. 2010-274

UNITED STATES TAX COURT

SCOTT E. RUBENSTEIN, TRANSFEREE, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent[*]

Docket No. 1254-06.                Filed December 13, 2010.

Scott E. Rubenstein, pro se.

Timothy A. Sloane, for respondent.

SUPPLEMENTAL MEMORANDUM OPINION

THORNTON, Judge:  Our prior opinion, Rubenstein v.
Commissioner, 134 T.C. 266 (2010), mandated a Rule 155

_____

[*]This opinion supplements our previously filed opinion in
Rubenstein v. Commissioner, 134 T.C. 266 (2010).

computation.[1]  The parties have filed alternative computations.
They disagree primarily as to whether respondent is entitled to
interest for any period before he issued the notice of transferee
liability.

In the notice of transferee liability respondent determined
that petitioner owed transferee liability of $44,681 "plus
interest as provided by law".[2]  On brief respondent made passing
reference to petitioner's liability for "statutory interest" but
otherwise did not address the issue of interest at any time
during this proceeding before filing his notice of objection to
petitioner's computations.  In his notice of objection respondent
argues that petitioner is liable for two types of interest:  (1)
Pursuant to section 6601, interest at the section 6621
underpayment rate for the period October 17, 2005 (the date
respondent issued the notice of transferee liability), until
petitioner's transferee liability is finally paid; and (2)
pursuant to Florida law, interest at rates determined under Fla.
Stat. Ann. sec. 55.03 (West 2006) for the period February 21,
2003 (the date Jerry Rubenstein transferred his condominium to
petitioner), until October 17, 2005 (the prenotice period).

---

[1]Unless otherwise indicated, all Rule references are to the
Tax Court Rules of Practice and Procedure, and all section
references are to the Internal Revenue Code.

[2]Giving effect to respondent's concession, we have held that
petitioner's transferee liability, exclusive of interest, is
$41,000.

Petitioner does not dispute his liability for Federal statutory interest from the date of the notice of transferee liability but states that he neither understands nor agrees with respondent's assertion that he is liable for interest under Florida law during the prenotice period.

In cases such as this where the value of assets transferred is insufficient to cover the transferor's tax liabilities, the Government may be entitled, as compensation for the transferee's "wrongful use" of those assets, to interest for the period after the transfer but before the issuance of the notice of transferee liability. Lowy v. Commissioner, 35 T.C. 393, 397 (1960); see Patterson v. Sims, 281 F.2d 577, 580 (5th Cir. 1960); Estate of Stein v. Commissioner, 37 T.C. 945, 959-960 (1962). Any such right is founded upon State law, which is determinative of matters such as the interest rate and the date from which interest runs.[3] Lowy v. Commissioner, supra at 397.

Jerry Rubenstein's transfer of his condominium to petitioner occurred in Florida. Accordingly, Florida law determines respondent's right to interest during the prenotice period. To compensate for loss of the use of transferred assets, Florida law allows a successful plaintiff to recover, on a

---

[3]By contrast, in cases where the value of transferred assets exceeds the transferor's total liability, interest is charged upon the deficiency pursuant to sec. 6601 for the period commencing with the transfer. Estate of Stein v. Commissioner, 37 T.C. 945, 959-961 (1962).

liquidated claim, "prejudgment interest" from the date of transfer.  <u>Becker Holding Corp. v. Becker</u>, 78 F.3d 514, 516 (11th Cir. 1996); <u>Bosem v. Musa Holdings, Inc.</u>, __ So. 3d __ (Fla. Sept. 23, 2010); <u>Argonaut Ins. Co. v. May Plumbing Co.</u>, 474 So. 2d 212 (Fla. 1985).  Our decision fixes petitioner's liability as of the date of the condominium's transfer.  Consequently, under Florida law petitioner is potentially liable for prejudgment interest from that date to the date of the notice of transferee liability.  See <u>Harper v. Commissioner</u>, T.C. Memo. 1993-126; <u>LeBeau v. Commissioner</u>, T.C. Memo. 1992-359; <u>Crews v. Commissioner</u>, T.C. Memo. 1988-462.

As previously indicated, before submitting his notice of objection to petitioner's Rule 155 computations, respondent did not expressly state a claim for prejudgment interest, other than by broadly asserting a right to "interest as provided by law" and to "statutory interest".  Cf. <u>Natl. Pneumatic Co. v. United States</u>, 176 Ct. Cl. 660, 666 (1966) (noting that the "most natural meaning" of "statutory interest" in a Federal tax proceeding denotes deficiency or delinquency interest under the Code).  Any argument under Rule 155 "will be confined strictly to consideration of the correct computation of the amount to be included in the decision resulting from the findings and conclusions made by the Court, and no argument will be heard upon or consideration given to * * * any new issues."  Rule 155(c).

The prohibition against raising "new issues" in this context generally has been construed to preclude raising issues that would require consideration of evidence not already contained in the record.  See Harris v. Commissioner, 99 T.C. 121, 124 (1992); Cloes v. Commissioner, 79 T.C. 933, 935 (1982); Pinson v. Commissioner, T.C. Memo. 2000-393.

The record before us contains all the evidence necessary to decide respondent's claim for prejudgment interest, except for the applicable rate of interest under Florida law.  Respondent's notice of objection indicates that the applicable Florida interest rates are determined under Fla. Stat. sec. 55.03, which requires Florida's chief financial officer to annually set the rate of interest payable on judgments or decrees.  These rates are published in the Florida Administrative Weekly, an official Internet Web site that is electronically published at http://www.fldfs.com/aadir/interest.htm.  See Allstate Ins. Co. v. Palterovich, 653 F. Supp. 2d 1306, 1329 (S.D. Fla. 2009) (citing the above Web site for the interest rate set by Florida's chief financial officer); Valmont Indus., Inc. v. Susie's Structures, Inc., No. 5:08-cv-81-Oc-10GRJ (M.D. Fla. Jan. 14, 2009) (order adopting the report and recommendation of the magistrate judge, which cites the above Web site).

Rule 201 of the Federal Rules of Evidence, applicable in this Court pursuant to Rule 143(a), provides for judicial notice

of "adjudicative facts". "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "Judicial notice may be taken at any stage of the proceeding." Fed. R. Evid. 201(f). Judicial notice may be taken of matters of public record available on a Government Web site. See, e.g., Marshek v. Eichenlaub, 266 Fed. Appx. 392, 392 (6th Cir. 2008) (taking judicial notice of information from the Federal Bureau of Prisons Web site); Denius v. Dunlap, 330 F.3d 919, 926-927 (7th Cir. 2003) (holding that the District Court erred in withdrawing its judicial notice of information on the official Web site of a Federal agency that maintained medical records on retired military personnel); Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 607 (7th Cir. 2002) (taking judicial notice of information from the Federal Deposit Insurance Corp.'s official Web site); Evans v. Commissioner, T.C. Memo. 2010-207 (and cases cited therein).

We take judicial notice that the Florida per annum statutory interest rates as published electronically in the Florida Administrative Weekly were 6 percent, 7 percent, and 7 percent for 2003, 2004, and 2005, respectively. Because respondent's

claim for prejudgment interest requires no consideration of other evidence not already in the record and involves "pure questions of law * * * [that] are inextricably intertwined with the proper amount to be entered as a decision", we conclude that this issue is appropriately considered in this Rule 155 proceeding.  See Estate of Buchholtz v. Commissioner, 70 T.C. 814, 815-816 (1978) (holding that issues concerning interest accrual in determining the value of U.S. Treasury bonds to be included in a gross estate were appropriately considered in a Rule 155 proceeding).

We conclude and hold that pursuant to Florida law respondent is entitled to prejudgment interest for the period February 21, 2003, until October 17, 2005, at per annum rates of 6 percent for 2003 and 7 percent for 2004 and 2005.  This prejudgment interest stops accruing upon the date of statutory notice; interest accruing after that date is a matter of Federal law under the Internal Revenue Code.[4]  See Estate of Stein v. Commissioner, 37 T.C. at 959-961.

---

[4]The Florida Supreme Court has held that because prejudgment interest "becomes part of a single total sum adjudged to be due and owing", postjudgment interest accrues on the amount awarded for prejudgment interest.  Quality Engineered Installation, Inc. v. Higley S., Inc., 670 So. 2d 929, 931 (Fla. 1996).  The parties have not addressed any issue as to whether sec. 6601 interest should similarly accrue on prejudgment interest, nor has respondent sought sec. 6601 interest on prejudgment interest in his computations.  Instead respondent asserts that sec. 6601 interest accrues on "petitioner's transferee liability", which according to his computation is $41,000.  We deem respondent to have waived any claim to Federal statutory interest on accrued prejudgment interest.

In his computations and proposed decision, respondent has not computed the amount of prejudgment interest to which he claims he is entitled. Because the amount of prejudgment interest can be precisely calculated and becomes part of petitioner's liability resulting from our decision, it is appropriate that the computations state the amount of prejudgment interest to be included in the decision.

In his computation petitioner requests an abatement of interest for the period November 13, 2006, through November 3, 2008, asserting that this case was continued during that period because of the illness of respondent's counsel. We question the premises.[5] But more fundamentally, construing petitioner's claim for interest abatement as implicitly invoking section 6404(h), which authorizes this Court to abate assessed interest in certain circumstances, we conclude that we lack jurisdiction to consider petitioner's claim as the interest he seeks to have abated has neither been assessed nor been the subject of any final determination by respondent pursuant to section 6404(e). See Williams v. Commissioner, 131 T.C. 54, 55-56 (2008).

---

[5]While it is true that on Nov. 13, 2006, the Court continued this case on respondent's motion, the next continuance, on Oct. 31, 2007, was at petitioner's request and due to his own ongoing health problems.

The parties shall submit a revised Rule 155 computation or computations, consistent with our conclusions herein.

<u>Decision will be entered</u>

<u>under Rule 155</u>.