PATRICIA ARROYO DDS, CORP., ALEX MANSILLA, AND MERCEDES P. ARROYO, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Patricia Arroyo DDS, Corp. v. Comm'r
Docket No. 5874-15
United States Tax Court
2017 U.S. Tax Ct. LEXIS 21; February 23, 2017, Decided
*21 Robert A. Wherry, Judge.
Robert A. Wherry
ORDER
This case was assigned on June 22, 2016, for the purpose of ruling on respondent's Motion to Dismiss for Lack of Jurisdiction as to Patricia Arroyo DDS, Corp. and to Change Caption, filed April 3, 2015. We shall grant respondent's motion.
Background
The following facts are not in dispute. Petitioners Alex Mansilla and Mercedes Arroyo (petitioners) are the sole shareholders of Patricia Arroyo DDS, Corp. (DDS Corp.), an S corporation. On December 16, 2014, respondent mailed a notice of deficiency addressed to petitioners, Alex Mansilla and Mercedes P. Arroyo, and they filed the petition in this case. Respondent does not dispute that the Court has jurisdiction over their individual case.
Respondent examined petitioners and DDS Corp.'s Federal income tax returns for the taxable years 2011 and 2012. Respondent determined adjustments to various items of income and loss which were reported on DDS Corp.'s Federal income tax returns which flowed through to petitioners because DDS Corp. is an "S corporation". SeeI.R.C. sec. 1361. Accordingly respondent issued the notice of deficiency to petitioners only and not DDS Corp.
Petitioners do not dispute that they were employed *22 by DDS Corp. during the taxable years 2011 and 2012. DDS Corp. treated both of petitioners as employees and reported the wages it paid to them on Form W-2, Wage and Tax Statement. Further, we take judicial notice that Mercedes Arroyo was an officer of DDS Corp. during 2011 and 2012.[1]As an officer, she was a "statutory employee" of DDS Corp. I.R.C. sec. 3121(d)(1).
During the examination of DDS Corp.'s returns, respondent determined that the salaries paid to petitioners as employees were artificially low and proposed new salaries based on nationwide market information. Based on these increased salaries, respondent determined that DDS Corp. had a deficiency in employment taxes for the taxable years 2011 and 2012. In the petition, petitioners assert that the salaries paid by DDS Corp. during the years at issue were appropriate given the company's circumstances, and they contend that the Court has jurisdiction over their dispute as to the amount of employment tax owed by DDS Corp. for the taxable years 2011 and 2012. We disagree.
The Tax Court may exercise jurisdiction only to the extent expressly provided by Congress. Seesec. 7442; Breman v. Commissioner, 66 T.C. 61, 66, (1976); see alsoRule 13(a). However, we have the authority to determine whether *23 we have jurisdiction over a particular case. Kluger v. Commissioner, 83 T.C. 309, 314 (1984).
Section 7436 governs proceedings in the Court for determining employment status. Section 7436(a) provides:
SEC. 7436(a). Creation of Remedy.—If, in connection with an audit of any person, there is an actual controversy involving a determination by the Secretary as part of an examination that—
(1) one or more individuals performing services for such person are employees of such person for purposes of subtitle C, or
(2) such person is not entitled to the treatment under subsection (a) of section 530 of the Revenue Act of 1978 with respect to such an individual, upon the filing of an appropriate pleading, the Tax Court may determine whether such a determination by the Secretary is correct and the proper amount of employment tax under such determination. Any such redetermination by the Tax Court shall have the force and effect of a decision of the Tax Court and shall be reviewable as such.
The parties agree that respondent made a determination with respect to the amount of compensation DDS Corp. paid petitioners. Based on that determination, respondent assessed additional employment taxes for DDS Corp. Respondent did not, however, make a determination with respect to petitioners' employment status *24 with DDS Corp., or to DDS Corp.'s entitlement to relief under section 530 of the Revenue Act of 1978.[2] To the contrary DDS Corp. consistently treated petitioners as employees, and seeks to contest only respondent's determination that the compensation paid to petitioners was inadequate. Because respondent did not make a determination with respect to either of the two requisite matters specified in section 7436(a)(1), (2), this Court lacks jurisdiction to determine the correct amount of employment taxes due as a result of respondent's determination that DDS Corp. under reported petitioners' wages during the tax years at issue.
To reflect the forgoing,
ORDERED that respondent's Motion to Dismiss for Lack of Jurisdiction as to Patricia Arroyo DDS, Corp. and to Change Caption, filed April 3, 2015, is granted, and this case is dismissed for lack of jurisdiction as to Patricia Arroyo DDS, Corp. It is further *25 ORDERED that the caption of this case is amended to read: "Alex Mansilla and Mercedes P. Arroyo, Petitioners v. Commissioner of Internal Revenue, Respondent".
(Signed) Robert A. Wherry
Judge
Dated: Washington, D.C.
February 23, 2017
Footnotes
1. The Court takes judicial notice of statement of information for DDS Corp. on the website of the California Secretary of State listing Mercedes Arroyo as an officer. A court may take judicial notice of appropriate adjudicative facts at any stage in a proceeding, whether or not the notice is requested by the parties. SeeFed. R. Evid. 201(c), (f); see also United States v. Harris, 331 F.2d 600, 601 (6th Cir. 1964) (explaining that a court may take judicial notice sua sponte). In general, the court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).
Information posted on the official Web site of a government agency may be appropriate for judicial notice. See, e.g., Marshek v. Eichenlaub, 266 Fed. Appx. 392 (6th Cir. 2008) (holding that the court is permitted to take judicial notice, sua sponte and at the appeals stage, of information on the Inmate Locator, which enables the public to track the location of Federal inmates and is maintained by the Federal Bureau of Prisons and is accessed through the agency's Web site, to discover that appellant has been released since the filing of his appeal and conclude that there remains no actual injury which the court could redress with a favorable decision and, thus, dismiss the appeal as moot); Denius v. Dunlap, 330 F.3d 919, 926-927 (7th Cir. 2003) (holding that District Court erred when it refused to take judicial notice of information on official Web site of a Federal agency that maintained medical records on retired military personnel; that fact was appropriate for judicial notice because it is not subject to reasonable dispute); Protect Lake Pleasant, LLC v. McDonald, 609 F. Supp. 2d 895, 922 n.13 (D. Ariz. 2009) ("Plaintiffs place a great deal of credence in * * * [Federal agency's] website * * * but they did not request that the court take judicial notice of that website. In the exercise of its discretion, however, as Fed. R. Evid. 201(c)↩ allows, the court will take judicial notice of * * * [that] website").
2. We have previously held that our jurisdiction over a determination related to matters specified in I.R.C. section 7436(a) can arise where the determination is not made in a formal notice of determination. See SECC Corp. v. Commissioner, 142 T.C. 225, 231 (2014). In this case, however, respondent did not make any determination (in a formal notice or otherwise) related to the matters set forth in I.R.C. section 7436(a)↩.