T.C. Memo. 2019-15

UNITED STATES TAX COURT

TERI JORDAN, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5814-18.                    Filed March 4, 2019.

Teri Jordan, pro se.

<u>Robert D. Heitmeyer</u> and <u>Charles V. Dumas</u>, for respondent.

MEMORANDUM OPINION

BUCH, <u>Judge</u>:  Ms. Jordan mailed her petition to the Court through the

United States Postal Service (USPS) using a private postage label printed from

Endicia.com, a website for buying postage.  The date printed on the postage label

was the 90th day after the date the Commissioner issued the notice of deficiency,

i.e., the last day for filing.  The envelope containing the petition also bears two

[*2] USPS postmarks that are after the 90th day, and the envelope did not arrive at the Court until 20 days after the date shown on the postage label. Before us is the Commissioner's motion to dismiss for lack of jurisdiction. Because of the presence of the USPS postmarks, we will disregard the date on the private postage label and grant the Commissioner's motion to dismiss this case for lack of jurisdiction.

Background

On December 6, 2017, the Commissioner sent Ms. Jordan a notice of deficiency by certified mail for tax years 2014 and 2015. The notice determined deficiencies for the years at issue of $17,701 and $42,462, respectively, and accuracy-related penalties under section 6662(a).[1] The notice of deficiency contained a reminder that the date by which to file a petition with the Tax Court was March 6, 2018, which was 90 days after the mailing of the notice of deficiency. That date, March 6, 2018, was not a Saturday, Sunday, or a legal holiday in the District of Columbia. Ms. Jordan was a resident of Michigan when she received the notice of deficiency and when she filed her petition.

---

[1]Unless otherwise indicated, Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect at all relevant times. All amounts are rounded to the nearest dollar.

**[*3]** Ms. Jordan mailed her petition to the Court in an envelope bearing a Detroit, Michigan, return address, which is the same address shown on the notice of deficiency. The envelope also bore a sticker indicating postage paid through Endicia.com, an online postage service provider, dated March 6, 2018. The envelope containing the petition also bore two USPS postmarks--dated March 7 and March 20, 2018. The Court received and filed Ms. Jordan's petition on March 26, 2018--20 days after the date shown on the Endicia.com label. According to USPS delivery standards, an item sent by First Class mail from Detroit should arrive in Washington, D.C., in three days.[2]

---

[2]See USPS Service Standards Map, https://ribbs.usps.gov/ modernservicestandards/ssmaps/find_map.cfm (last visited Feb. 25, 2019). We take judicial notice of the USPS standards under Rule 201 of the Federal Rules of Evidence, applicable to this Court pursuant to section 7453 and Rule 143(a). A fact may be judicially noticed if it "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The Court may take judicial notice on its own and at any stage of the proceeding. Id. subdivs. (c)(1), (d). Judicial notice may be taken of matters of public record on a Government website. See, e.g., Marshek v. Eichenlaub, 266 F. App'x 392 (6th Cir. 2008) (taking judicial notice of information on the Federal Bureau of Prisons website); Laborers' Pension Fund v. Blackmore Sewer Constr., Inc., 298 F.3d 600, 607-608 (7th Cir. 2002) (taking judicial notice of information on the Federal Deposit Insurance Corp.'s website); Rubenstein v. Commissioner, T.C. Memo. 2010-274 (taking judicial notice of Florida statutory interest rates published on a State government website), supplementing 134 T.C. 266 (2010).

**[\*4]**  On November 14, 2018, the Commissioner filed a motion to dismiss this case for lack of jurisdiction.  On November 15, 2018, we issued an order directing Ms. Jordan to respond to the Commissioner's motion by December 7, 2018, but the Court did not receive a response.

Discussion

We are a court of limited jurisdiction, and we may exercise our jurisdiction only to the extent authorized by Congress.  See sec. 7442; Commissioner v. McCoy, 484 U.S. 3, 7 (1987); Guralnik v. Commissioner, 146 T.C. 230, 235 (2016).  We have jurisdiction to determine our jurisdiction over a particular case. LG Kendrick, LLC v. Commissioner, 146 T.C. 17, 27 (2016), aff'd, 684 F. App'x 744 (10th Cir. 2017); Kluger v. Commissioner, 83 T.C. 309, 314 (1984).  Our jurisdiction in a deficiency case depends on there being a timely filed petition. Rule 13(c); Pearson v. Commissioner, 149 T.C. 424, 428 (2017).  In a deficiency case, a taxpayer generally has 90 days from the date of the notice of deficiency to file a petition with this Court.  Sec. 6213(a).

We must determine whether Ms. Jordan's petition is deemed timely under the "timely mailed, timely filed" rule of section 7502.  The section provides that when a taxpayer sends a petition by U.S. mail within the prescribed period and it is received after the expiration of the prescribed period, the date of the U.S. postmark

**[\*5]** stamped on the envelope is treated as the date it was received. Sec. 7502(a). In the case of postmarks not made by the USPS, the "timely mailed, timely filed" rule applies only to the extent provided by regulation. Sec. 7502(b).

The regulations impose two requirements that must be met for the rule to apply when the envelope bears a postmark not made by the USPS. First, the postmark must show a legible date on or before the last day of the prescribed period. Sec. 301.7502-1(c)(1)(iii)(B)(1)(i), Proced. & Admin. Regs. And second, the item must have been received within the same amount of time as it would have had it been postmarked at the same point of origin by the USPS on the last day of the prescribed period. Id. subdiv. (iii)(B)(1)(ii). If the petition arrives later than that, then the postmark is disregarded unless the taxpayer can establish: (1) that the item was actually deposited in the U.S. mail on or before the last day of the prescribed period, (2) that the delay in receiving the document was due to a delay in the transmission of the U.S. mail, and (3) the cause of the delay. Id. subdiv. (iii)(B)(2). Finally, if the envelope bears both a USPS postmark and a postmark not made by the USPS, we disregard the postmark not made by the USPS and use the USPS postmark to determine when the item was mailed. Id. subdiv. (iii)(B)(3).

The envelope in which Ms. Jordan's petition arrived had both USPS postmarks and a postmark not made by the USPS--the Endicia.com label. In

**[*6]** <u>Pearson</u> we held that Internet-purchased postage may qualify as a postmark not made by the USPS under section 7502(b).  <u>Pearson v. Commissioner</u>, 149 T.C. at 434 (finding "no plausible basis for making a legally significant distinction between" an internet postage label and "the output of an old-fashioned postage meter").  In doing so, however, a majority of the Court acknowledged that there is a regulatory backstop to address situations in which a timely postmark not made by the USPS is not timely placed in the mail.  <u>Id.</u> at 440-441 (Buch, J., concurring).

Indeed, there are two regulatory backstops, and Ms. Jordan's petition runs squarely into both of them.  The USPS postmarks were dated March 7 and March 20, 2018, and the Endicia.com label was dated March 6, 2018.  Under section 301.7502-1(c)(1)(iii)(B)(<u>3</u>), Proced. & Admin. Regs., we disregard the Endicia.com label and determine the timeliness of the petition on the basis of the USPS postmarks.  Neither of the two USPS postmarks is dated within the 90-day period for Ms. Jordan to file her petition under section 6213(a).  Therefore, the "timely mailed, timely filed" rule does not apply, and Ms. Jordan's petition was not filed timely.

But even if we were to accept the Endicia.com label and make our determination on the basis of the date it displays, Ms. Jordan's petition would still

**[\*7]** be untimely. While the March 6, 2018, date on the Endicia.com label is the last day of the 90-day period, the petition was not delivered to this Court within the normal amount of time it would have taken if the item had been postmarked by the USPS at the same point of origin. Ms. Jordan's petition was received by the Court on March 26, 2018. The 20 days that it took to arrive is well beyond the 3 days that it would normally take an item mailed from Detroit to get to Washington, D.C. In the absence of an explanation for the delay, the timely mailing rule of section 7502 does not apply. See sec. 301.7502-1(c)(1)(iii)(B)(2), Proced. & Admin. Regs.

Because Ms. Jordan's petition was not timely mailed, it is filed as of the date it was received. It was received after the 90-day petition period had expired. And because the petition was not timely, we do not have jurisdiction over this case. We, therefore, will grant the Commissioner's motion to dismiss.

An order of dismissal for lack of jurisdiction will be entered.